Carhart, J.
The Defendant has moved to suppress all statements given to the State Police after he had asked to speak to an attorney. For the following reasons, the Motion is ALLOWED.
FACTS
Based upon the evidence produced at the Motion hearing, I find the following facts:
On August 16, 1994, the Defendant was contacted by members of the Massachusetts State Police assigned to the Northwestern District Attorney’s Office. He was asked to come to the District Attorney’s Office to speak with the police. At approximately 5:30 P.M., the Defendant and his wife arrived at the District Attorney’s Office. Trooper Habel and Sergeant VonFlatern asked the Defendant’s wife to wait while they spoke with her husband. The Defendant accompanied the officers to an interview room. In the interview room, the Defendant was advised of his Miranda rights and signed a form acknowledging that he understood those rights. The Defendant then again signed the form indicating that he wished to waive his rights. The police then advised the Defendant that they had information that he had raped his daughter, Ramona. The Defendant denied the allegations. The police then informed the Defendant that they also had information that he had sexually abused his older daughter. Sergeant VonFlatern then asked the Defendant whether Ramona was the “only one." The Defendant stated “yes.” The Defendant then asked to speak to an attorney. Once this request was made, the interrogation stopped. The Defendant tried to reach an attorney, but there was no answer at the number he called. The Defendant was then arrested and booked.
The Defendant was then to be taken to the Franklin County House of Correction to await arraignment the next day. The Defendant had never been arrested and was nervous. While awaiting transportation and still in the District Attorney’s Office, the Defendant asked Sergeant VonFlatern if he was going to the House of Correction. He was told that he was. The Defendant then stated that he knew that he did not rape his daughter. Sergeant VonFlatern replied as follows: “I will tell you one thing, but this is not meant to be a question. Rape is not always what people think and things like oral sex are rape.” The Defendant then replied, “Well I don’t know where I go from here, because if that’s considered rape then I guess I’m guilty.”
DISCUSSION
All statements made before the Defendant’s request for counsel were made freely and voluntarily. At the Motion hearing, the Defendant did not dispute those statements, but, rather, sought to suppress all statements made after he invoked his right to counsel. The Commonwealth argues that the statements made by the Defendant while he was awaiting transportation were spontaneous in nature and not the product of interrogation.
The Defendant invoked his right to counsel while he was being interrogated at the District Attorney’s Office. He was then arrested and held for arraignment. The request for counsel was not waived at the time of the second statement. That request was still in effect and the question, therefore, is whether the Defendant made spontaneous statements that were not the product of police questioning. After expressing his desire to deal with police through counsel, the Defendant cannot be interrogated without counsel, “unless the accused himself initiates further communication, exchanges, or conversations with the police.” Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). Edwards creates a “bright-line” rule: unless the defendant initiates the conversation or is accompanied by counsel, any police interrogation is prohibited after a defendant has invoked the right to counsel. Commonwealth v. Perez, 411 Mass 249, 257-58 (1991).
To determine whether the Defendant was subject to interrogation, an objective test is applied. What must be considered is “whether the authorities used any words or actions, other than those normally attendant to arrest or custody, that they should have known were reasonably likely to elicit an incriminatory response from the suspect.” Commonwealth v. Brant, 380 Mass 876, 883 (1980). In this case the Defendant initiated the second statement by asking the officer where he was being taken. This inquiry was reasonable and cannot be construed as a waiver of the Defendant’s right to counsel. The Defendant’s next statement was that he did not rape his daughter. This statement is exculpatory in nature and cannot be construed as an invitation to discuss the case. The officer’s response to the exculpatory statement, though not posed as a question, certainly invited a response since it disputed the Defendant’s denial that he raped his daughter.
A defendant’s decision to speak to an attorney must be “scrupulously honored.” Miranda v. Arizona, 384 U.S. 436, 474 (1966). The purpose of the officer in explaining the definition of rape may be understandable: however, an analysis of the context in which the statement was made leads to the conclusion that it was reasonably likely to elicit a response that was incriminatory. Further, the officer’s statement was not one which would normally be attendant to arrest and custody. Since the Defendant’s request to speak to counsel should be scrupulously honored, the Defendant’s statements which were made after he invoked his right to counsel are suppressed.